**IN RE: DUVAL AT GULF HARBORS, LLC, Debtor.**

**Case No. 8:14–bk–05849–MGW**

United States Bankruptcy Court, M.D. Florida, Tampa Division

Signed September 18, 2014

---

**34.** *In re Fundamental Long Term Care, Inc.,*  489 B.R. 451, 463 (Bankr.M.D.Fla.2013).

Denise E. Barnett, United States Trustee, Tampa, FL, for U.S. Trustee.

Buddy D. Ford, Tampa, FL, for Debtor.

Chapter 11

### ORDER DENYING DEBTOR'S EMERGENCY VERIFIED MOTION TO SET ASIDE FORFEITURE

MICHAEL G. WILLIAMSON, United States Bankruptcy Judge

THIS CASE came before the Court on the Emergency Verified Motion to Set Aside Forfeiture (Doc. No. 56), filed by Duval at Gulf Harbors ("Debtor").

On November 30, 2011, the Debtor executed a Warranty Deed granting to LB & JF Holdings, Inc. (a company partly owned by Julian Raymond Ford), the following property:

Real property located at 12802 College Hill Drive, Hudson, Florida, being the same premises conveyed to LB & JF Holdings, Inc., on November 30, 2011, and recorded on December 8, 2011, in Pasco County in Book 8631, Pages 3443, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

Lot 177, Country Club Estates Unit 1–B, according to the map or plat thereof as recorded in Plat Book 8, Page 148, Public Records of Pasco County, Florida.

Property Identification Number: 03–25–16–0060–00000–1770.

(the "Real Property").

A Promissory Note indicates that LB & JF Holdings, Inc. borrowed from the Debtor $79,000, which would be repaid by November 30, 2013. This note appears to have been secured by the Real Property.

On October 1, 2013, a Grand Jury returned an indictment against Julian Raymond Ford, for possession with intent to distribute 280 grams or more of a mixture and substance containing a detectable amount of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and (b)(1)(D). *See United States v. Julian Raymond Ford,* Case Number 8:13–cr–469–T–27TBM (M.D.Fla.) (Doc. 1). Contained in the Indictment were forfeiture allegations, providing that the United States would seek to forfeit the Real Property, as property involved in the offense. *Id.,* p. 3.

On December 10, 2013, the defendant pled guilty to Count One of the Indictment, and on December 31, 2013, United States District Judge James D. Whittemore accepted the defendant's plea and adjudicated him guilty. *See Ford,* Case Number 8:13–cr–469–T–27TBM (M.D.Fla.) (Doc. 18).

In his plea agreement, the defendant admitted that (1) he and another person were the registered owners of the Real Property, (2) that the he used the Real Property as a storage location for distribution quantities of narcotics, and that, when law enforcement officers searched the Real Property, they found and seized 366.8

grams of crack cocaine, ten pounds of marijuana, 3.8 grams of Oxycodone, and 17.5 grams of MDMA. *Id.,* Doc. 17, pp. 18–19. Moreover, the defendant consented to the forfeiture of the property and admitted that it was used, or intended to be used, to facilitate the commission of the drug offense to which he pled guilty. *Id.,* p. 8.

On February 14, 2014, the United States District Court for the Middle District of Florida issued a Preliminary Order of Forfeiture, forfeiting the Real Property to the United States. *Ford,* 8:13–cr–469–T–27TBM (Doc. 25).

Also on February 14, 2014, the United States sent notices of the forfeiture action and instructions on filing claims to the Real Property, via certified United States mail and first class mail, to all parties believed to have any potential interest in the asset, including Duval at Gulf Harbors, LLC.

Specifically, the United States sent notice packages to George Kregas, Registered Agent for Duval at Gulf Harbors, LLC., at 5798 West Shore Drive, New Port Richey, Florida 34652, the address listed on the Promissory Note. The certified mail was returned and marked "unclaimed." The first class mail was not returned and there is no indication it was not received.

In addition to attempting to send notice to the Debtor through Mr. Kregas via first class and certified mail, the United States also attempted to personally provide notice to Harry Pappas, who was listed a Manager of the Debtor. Specifically, on April 22, 2014, United States Marshal Senior Inspector Michael McClung attempted to provide notice directly to Mr. Pappas at the address provided for him on a Warranty Deed filed by the Debtor in March of 2014. No one answered the door.

On April 23, 2014, Senior Inspector McClung spoke to Mr. Pappas on the phone, and explained what he was attempting to deliver and that he would like Mr. Pappas to sign an acknowledgment that he had received the forfeiture notice. Mr. Pappas told Senior Inspector McClung that he would not sign anything unless Senior Inspector McClung gave the documents to his attorney, Robert Petitt, at Petitt Worrell Law Firm.

On April 24, 2014, Senior Inspector McClung called the law firm, explained why he had been asked to call, and was told by a legal assistant to email the documents to the firm for Mr. Petitt's review. Later that day, Senior Inspector McClung emailed the documents and called the assistant again, and she confirmed she had received the documents. Mr. Pappas never signed an acknowledgement of his receipt of the forfeiture notice.

Pursuant to 21 U.S.C. § 853(n), the Debtor had 30 days from his receipt of notice of the forfeiture to file a claim in the District Court contesting the forfeiture, or the Debtor would be foreclosed from asserting any potential interest in the Real Property.[1] The Debtor did not file any claim before the District Court. *See Ford,* Case Number 8:13–cr–469–T–27TBM (Docket Sheet).

---

**1.** In accordance with 21 U.S.C., 853(n) and Rule 32.2(b)(6)(C), the United States published notice of the forfeiture and of its intent to dispose of the asset on the official government website, www.forfeiture.gov, from May 3, 2014 through June 1, 2014. (Doc. 37.) The publication gave notice to all third parties with a legal interest in the asset to file with the Office of the Clerk United States District Court, Middle District of Florida, Sam Gib-

bons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602 a petition to adjudicate their interests within 60 days of the first date of publication. In this instance, the first date of internet publication was May 3, 2014. Accordingly, the final date for filing a petition to adjudicate an interest in the asset was July 1, 2014, and the time for filing such a petition has expired. This notice deadline does not apply to persons

On May 22, 2014—over three months after the District Court forfeited the Real Property to the United States, and approximately two months after the Debtor's right to assert any claim to the Real Property had expired—the Debtor filed his bankruptcy petition.

On July 9, 2014, the District Court entered the Final Order of Forfeiture, vesting with finality all right and interest in the Real Property in the United States. *See Ford*, Case Number 8:13–cr–469–T–27TBM (Doc. 41).

In its present Emergency Motion, the Debtor asks this Court to set aside the District Court's Final Order of Forfeiture. The Debtor asserts that any matter involving the Real Property should have been automatically stayed pursuant to 11 U.S.C. § 362 at the time he filed his bankruptcy petition. Because the Final Order of Forfeiture was entered after the Debtor filed its petition, the Debtor claims the order is invalid. This Court disagrees.

First, criminal forfeiture proceedings are exempt from the automatic stay by 11 U.S.C. § 362(b)(4), which creates an exception for governmental units exercising their police and regulatory powers. *See United States v. Erpenbeck*, 682 F.3d 472, 480–81 (6th Cir.2012) (the automatic stay provision of bankruptcy law does not apply to criminal forfeitures, so the district court properly entered a preliminary order).

Second, 21 U.S.C. § 853(k) makes clear that the Debtor must seek any relief from a criminal order of forfeiture in the ancillary forfeiture proceeding before the District Court. *United States v. Kennedy*, 201 F.3d 1324, 1326 n. 6 (11th Cir.2000) (third parties cannot establish their interests in property subject to criminal forfeiture through other actions); *United States v. McCorkle*, 143 F.Supp.2d 1311, 1318–19 (M.D.Fla.2001) ("Congress has established the procedure for adjudicating third party interests in forfeited property. 21 U.S.C. § 853(n). A petitioner must follow the specified procedure, and may not commence a separate action against the United States concerning the validity of his alleged interest in the forfeited property. 21 U.S.C. § 853(k)."). Having failed to file a claim in the District Court as required by 18 U.S.C. § 853(n), the Debtor cannot now seek relief from the forfeiture in Bankruptcy Court.

Accordingly, it is

**ORDERED** that the Debtor's motion is **DENIED.**

---

who received direct notice. In any event, Debtor failed to contest the forfeiture even within this extended claims period.